**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| In re:<br><br>**NELNET SERVICING, LLC<br>DATA SECURITY LITIGATION** | MDL Docket No. _____ |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEBRASKA AND FOR
<u>CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

SUMMARY OF CASES ...................................................................................................... 2

    I.     Movants' Actions ................................................................................................. 2

    II.    Additional Actions .............................................................................................. 5

LEGAL STANDARD ........................................................................................................... 9

ARGUMENT ...................................................................................................................... 10

    I.     The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407 ...................................................................................... 10

        A.    The Litigation Involves Common Questions of Fact ................................... 10

        B.    The Parties Face Duplicative Discovery Absent Transfer and Consolidation .............. 10

        C.    Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings ....................... 11

        D.    There is a Sufficient Number of Actions to Support Transfer and Centralization ........ 12

    II.    The District Court of Nebraska is the Appropriate Transferee Forum ......................... 12

CONCLUSION .................................................................................................................... 15

i

**<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**

*In re Alodex Corp. Sec. Litig.*,
380 F. Supp. 790 (J.P.M.L. 1974) ............................................................ 12

*In re Amoxicillin Pat. & Antitrust Litig.*,
449 F. Supp. 601 (J.P.M.L. 1978) ............................................................ 12

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
196 F. Supp. 2d 1375 (J.P.M.L. 2002) ..................................................... 11

*In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*,
398 F. Supp. 2d 1371 (J.P.M.L. 2005) ..................................................... 13

*In re National Student Marketing Litig.*,
368 F. Supp. 1311 (J.P.M.L. 1972) .......................................................... 13

*In re Philadelphia Life Ins. Co. Sales Pracs. Litig.*,
149 F. Supp. 2d 937 (J.P.M.L. 2001) ....................................................... 12

*In re Plumbing Fixture Cases*,
298 F. Supp. 484 (J.P.M.L. 1968) .............................................................. 9

*In re Res. Expl., Inc., Sec. Litig.*,
483 F. Supp. 817 (J.P.M.L. 1980) ............................................................ 11

*In re Union Pac. R.R. Co. Emp. Pracs. Litig.*,
314 F. Supp. 2d 1383 (J.P.M.L. 2004) ..................................................... 13

*In re Veeco Instruments Inc. Sec. Litig.*,
387 F. Supp. 2d 1365 (J.P.M.L. 2005) ..................................................... 14

*In re Wireless Tel. Replacement Prot. Programs Litig.*,
180 F. Supp. 2d 1381 (J.P.M.L. 2002) ..................................................... 12

*In re Xyberbaut Corp. Sec. Litig.*,
403 F. Supp. 2d 1354 (J.P.M.L. 2005) ..................................................... 14

*In re: Saturn L-Series Timing Chain Prod. Liab. Litig.*,
536 F. Supp. 2d 1367 (J.P.M.L. 2008) ..................................................... 13

*In re Methyl Methacrylate (MMA) Antitrust Litig.*,
  435 F. Supp. 2d 1345 (J.P.M.L. 2006) ........................................................................... 9

## **<u>Statutes</u>**

28 U.S.C. § 1407 ............................................................................................ 1, 8, 9, 14

## <u>INTRODUCTION</u>

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2, Plaintiffs William Spearman, Brittni Linn, Jessica Alexander, Christopher Sangmeister, Taylor Vetter, Nichole Allocca, Kayli Lazard, and Bridget Cahill (the "*Spearman* Plaintiffs"), and Pamela Bump, Melissa Charbonneau, Douglas Conley, Noah Helvey, Dallin Iler, Dustin Jones, Devinne Peterson, Justin Randall, Sofia Rodriguez, and Rachel Woods (the "*Bump* Plaintiffs") (collectively the "Movants"), who are the Plaintiffs in the Actions styled *Spearman, et al. v. Nelnet Servicing, LLC*, Case No. 4:22-cv-03191 (D. Neb.) and *Bump, et al. v. Nelnet Servicing, LLC*, Case No. 4:22-cv-03204 (D. Neb.), respectfully move the United States Judicial Panel on Multidistrict Litigation (the "Panel") for an Order transferring the seventeen (17) currently-filed class action cases listed in the accompanying Schedule of Actions filed concurrently herewith (collectively, "the Actions"), and any and all subsequently-filed related actions, or cases filed involving similar facts or claims, to the U.S. District Court for the District of Nebraska for coordinated or consolidated proceedings.

Seventeen (17) Actions have been filed to date in federal courts against Defendants Nelnet Servicing, LLC ("Nelnet")[1] concerning a massive data breach that was first publicly reported on August 26, 2022 (the "Data Breach"). Fifteen (15) Actions have already been filed in the U.S. District Court for the District of Nebraska, one (1) action has been filed in the U.S. District Court for the Eastern District of Tennessee, and one (1) action has been filed in the U.S. District Court for the Central District of California.

Nelnet is one of the largest student loan servicers in the United States, servicing 589 billion in student loans for over 17 million borrowers.  In addition to servicing student loans, Nelnet

---

[1] Only one (1) action, *Kohrell v. Nelnet Servicing, LLC, et al.*, Case No. 3:22-cv-00314 (E.D. Tenn.), names Edfinancial Services LLC as a Defendant.

provides online technology services such as web portal and payment processing services to other student loan servicers, including EdFinancial Services, LLC and the Oklahoma Student Loan Authority ("OSLA").

All plaintiffs in the Actions allege that Nelnet failed to properly secure and safeguard the highly valuable, protected personally identifiable information, including without limitation, names, addresses, email addresses, phone numbers, and Social Security numbers (collectively "PII") for approximately 2.5 million impacted current and former Nelnet account holders which was exposed in a hack that allowed unauthorized access to Nelnet's systems. Nelnet failed to fulfill its legal duty to protect consumers' PII which was stored in its systems. Nelnet's willful, reckless, and negligent disregard for its obligations to safeguard individuals' PII resulted in the Data Breach. All of the Actions allege violations of various state consumer protection statutes and/or common law principles against Nelnet arising from the Data Breach.

Accordingly, Movants seek the consolidation and transfer of the Actions to the District of Nebraska, where Nelnet is headquartered, where fifteen (15) of the Actions are already filed, and substantial acts in furtherance of Nelnet's alleged improper conduct occurred. Moreover, because of the widespread nature of Nelnet's Data Breach, which exposed data for approximately 2.5 million customers, tag-along cases will almost inevitably be filed in the future.

## SUMMARY OF CASES

### I.     Movants' Actions

On September 7, 2022, Plaintiffs William Spearman, Brittni Linn, Jessica Alexander, Christopher Sangmeister, Taylor Vetter, Nichole Allocca, Kayli Lazard, and Bridget Cahill (the "*Spearman* Action") filed their class action complaint against Nelnet in the U.S. District Court for the District of Nebraska. The *Spearman* Action alleges that Nelnet failed to properly secure and

safeguard highly valuable, protected personally identifiable information, including without limitation, names, addresses, email addresses, phone numbers, and Social Security numbers (collectively "PII"); (ii) failed to comply with industry standards to protect information systems that contain PII; (iii) unlawfully disclosed of Plaintiffs' and Class Members' PII; and (iv) failed to provide adequate notice to Plaintiffs and other Class Members that their PII had been disclosed and compromised.

The *Spearman* Action seeks certification of the following national and state subclasses: (i) all persons in the United States whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Nationwide Class"); (ii) all persons in California whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "California Subclass"); (iii) all persons in Colorado whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Colorado Subclass"); (iv) all persons in Connecticut whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Connecticut Subclass"); (v) all persons in Massachusetts whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Massachusetts Subclass"); (vi) all persons in New York whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "New York Subclass"); (vii) all persons in Pennsylvania whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Pennsylvania Subclass"); and (viii) all persons in South Carolina whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "South Carolina Subclass").

On September 14, 2022, Plaintiffs Pamela Bump, Melissa Charbonneau, Douglas Conley, Noah Helvey, Dallin Iler, Dustin Jones, Devinne Peterson, Justin Randall, Sofia Rodriguez, and

Rachel Woods filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Bump* Action seeks certification of the following nationwide class and state subclass: (i) all persons in the United States whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Nationwide Class"); (ii) all persons in Arizona whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Arizona Subclass"); (iii) all persons in Illinois whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Illinois Subclass"); (iv) all persons in Indiana whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Indiana Subclass"); (v) all persons in Massachusetts whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Massachusetts Subclass"); (vi) all persons in Michigan whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Michigan Subclass"); (vii) all persons in Pennsylvania whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Pennsylvania Subclass"); (vii) all persons in Texas whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Texas Subclass"); (ix) all persons in Utah whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Utah Subclass"); and (x) all persons in Wisconsin whose personal information was compromised in the Data Breach made public by Nelnet in August 2022 (the "Wisconsin Subclass").

The *Spearman* and *Bump* Plaintiffs are represented by Silver Golub & Teitell LLP, Lowey Dannenberg, P.C., and the Goosmann Law Firm, PLC.

4

## II.   <u>Additional Actions</u>

On August 30, 2022, Plaintiff Jesse Herrick filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Herrick* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Herrick* Plaintiff is represented by Milberg Coleman Bryson Phillips Grossman, PLLC and Markovits, Stock & Demarco, LLC.

On August 31, 2022, Plaintiff Robert Carlson filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Carlson* Action seeks certification of the following nationwide class: all individuals whose PII was compromised in the data breach that is the subject of the Notice of Security Incident that Defendant, Edfinancial, or OSFA sent to Plaintiff and Class Members on or around August 26, 2022 (the "Nationwide Class"). The *Carlson* Plaintiff is represented by Morgan & Morgan, P.A. and Morgan & Morgan Complex Business Division.

On September 1, 2022, Plaintiff Carey M. Ballard filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Ballard* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Ballard* Plaintiff is represented by s represented by Milberg Coleman Bryson Phillips Grossman, PLLC and Chestnut Cambronne PA.

On September 2, 2022, Plaintiff Jennifer Hegarty filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Hegarty* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the

"Nationwide Class"). The *Hegarty* Plaintiff is represented by Milberg Coleman Bryson Phillips Grossman, PLLC, Federman & Sherwood, and George Gesten Mcdonald, PLLC.

On September 2, 2022, Plaintiff Amanda Beasley filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Beasley* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Beasley* Plaintiff is represented by Milberg Coleman Bryson Phillips Grossman, PLLC and The Lyon Firm, LLC.

On September 2, 2022, Plaintiff Michael Varlotta filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Varlotta* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Varlotta* Plaintiff is represented by the Mattson Ricketts Law Firm and Peiffer Wolf Carr Kane Conway & Wise, LLP.

On September 6, 2022, Plaintiff Dylan Hollenkamp filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Hollenkamp* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Hollenkamp* Plaintiff is represented by the Mattson Ricketts Law Firm and Peiffer Wolf Carr Kane Conway & Wise, LLP.

On September 8, 2022, Plaintiff Barbara Miller filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Miller* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised

6

in the Data Breach disclosed by Nelnet in August 2022. The *Miller* Plaintiff is represented by Milberg Coleman Bryson Phillips Grossman, PLLC and Turke & Strauss LLP.

On September 8, 2022, Plaintiff Francine Simmons filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Simmons* Action seeks certification of the following nationwide class: all persons whose Private Information was maintained on Defendant Nelnet's computer systems and compromised in its June-July 2022 Data Breach. The *Simmons* Plaintiff is represented by Migliaccio & Rathod LLP and Mason LLP.

On September 8, 2022, Plaintiff Garner J. Kohrell filed a similar class action against Nelnet and Edfinancial in the U.S.  District Court for the Eastern District of Tennessee. The *Kohrell* Action seeks certification of the following nationwide class: all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022 (the "Nationwide Class"). The *Kohrell* Plaintiff is represented by Branstetter, Stranch & Jennings, PLLC and Lockridge Grindal Nauen P.L.L.P.

On September 9, 2022, Plaintiff Antonia Bird filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Bird* Action seeks certification of the following nationwide class: all individuals within the United States of America whose PII and/or financial information was stored by Defendant and was exposed to unauthorized third parties as a result of the data breach discovered by Nelnet in July 2022 and occurring from June 2022 to July 22, 2022. The *Bird* Plaintiff is represented by Cole & Van Note.

On September 9, 2022, Plaintiff Veronica Joaquin-Torres filed a similar class action against Nelnet in the United States District Court for the District of Nebraska. The *Joaquin-Torres* Action seeks certification of the following nationwide class and North Carolina Subclass: (i) all persons whose Private Information was compromised as a result of the Data Breach discovered on

or about June of 2022 and who were sent notice of the Data Breach; and (ii) all persons residing in North Carolina whose Private Information was compromised as a result of the Data Breach discovered on or about June of 2022 and who were sent notice of the Data Breach. The *Joaquin-Torres* Plaintiff is represented by Migliaccio & Rathod LLP.

On September 12, 2022, Plaintiffs Kennedy Freeman and Aaron Morris filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Freeman* Action seeks certification of the following nationwide class: all natural persons residing in the United States whose PII was compromised in the 2022 Data Breach announced by Defendant, Edfinancial and/or OSLA on or about August 26, 2022 (the "Class"). The *Freeman* Plaintiffs are represented by Wolf Haldenstein Adler Freeman & Herz LLC and Wolf Haldenstein Adler Freeman & Herz LLP.

On September 14, 2022, Plaintiffs Mia Sayers and Kylee Williams filed a similar class action against Nelnet in the U.S. District Court for the District of Nebraska. The *Sayers* Action seeks certification of the following nationwide class:  all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"). The *Sayers* Plaintiffs are represented by Federman & Sherwood and Mcshane & Brady, LLC.

On September 13, 2022, Plaintiff Neil Kitzler filed a similar class action against Nelnet in the U.S. District Court for the Central District of California. The *Kitzler* Action seeks certification of the following nationwide class and state subclass: (i) all persons residing in the United States whose PII was compromised in the 2022 data breach announced by Nelnet Servicing, LLC in August 2022. (the "Nationwide Class"); and (ii) all residents of [name of State] whose PII was

compromised by the Data Breach. The *Kitzler* Plaintiff is represented by Bradley/Grombacher LLP.

## **LEGAL STANDARD**

Transfer is appropriate when actions pending in different judicial districts involve similar questions of fact such that coordinating or consolidating pretrial proceedings would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Specifically, 28 U.S.C. § 1407 permits transfer and consolidation or coordination of cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a).

"The purpose of § 1407. . . is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinat[ing] district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 490-92 (J.P.M.L. 1968). Centralization is designed to "eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary." *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006).

Pretrial transfer under Section 1407 is appropriate and necessary here. The Actions involve nearly identical facts, a common corporate defendant, and overlapping proposed classes. The Actions are also in their early stages. There have been no rulings on any dispositive motions, nor has any discovery taken place. Centralization of these Actions at this early stage will allow the

transferee court to efficiently resolve the common factual and legal issues and address overlapping discovery related to these issues.

**<u>ARGUMENT</u>**

**I.**     **The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407**

Pretrial transfer and consolidation under 28 U.S.C. § 1407 is appropriate and necessary here. The Actions involve similar factual allegations and legal standards. Unless these cases are consolidated, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

**A.  The Litigation Involves Common Questions of Fact**

In assessing the appropriateness of consolidation under Section 1407, the Panel looks to the pleadings to determine the extent to which common questions of fact are present. The complaints in these Actions clearly present common questions of fact. Each complaint is based on allegations that Nelnet exposed the PII for approximately 2.5 million customers. All Actions allege that Nelnet exposed plaintiffs' and purported class members' PII in a cyberattack.

Further, each of the constituent Actions will require adjudication of whether Nelnet violated state deceptive trade practice statutes and/or the common law through its alleged misconduct. Adjudicating these common issues in a single transferee district will benefit the parties and witnesses and promote judicial efficiency by allowing a single court to coordinate pretrial proceedings governing these common legal and factual issues.

**B.  The Parties Face Duplicative Discovery Absent Transfer and Consolidation**

Because the allegations of all the cases are substantially similar and derive from the same common Data Breach, and because they all turn on the same factual question, namely whether

10

Nelnet's policies allowed for the expose to their PII, the parties face duplicative discovery if the cases are not transferred and consolidated. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In re Res. Expl., Inc., Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980).

The parties in these Actions will necessarily engage in duplicative discovery. All plaintiffs will be seeking the same documentation and data from Nelnet and will likely request to depose the same witnesses. Nelnet will raise the same class certification objections and discovery objections, seek the same protective orders, and assert the same privileges in each case. However, if the Panel transfers and consolidates the cases, the parties will coordinate their efforts and thus save all parties – and the courts – time and money.

### C.  Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the complaints, and the likelihood that future filed actions will contain the same, the possibility of inconsistent rulings on pretrial motions is substantially increased. Nelnet is likely to present the same pretrial motions in each action and assert the same discovery objections and privileges. As an example, Plaintiffs anticipate that Nelnet will file motions to dismiss and for summary judgment. Inconsistent rulings on those

dispositive motions would pose a serious problem, in that the Actions seek to certify overlapping classes. In addition, because of the similarity in the allegations, Nelnet will assert the same defenses in opposition to plaintiffs' claims, most notably that it exposed customers' PII, creating a real risk of inconsistent pretrial rulings. In light of this risk, it would be in the best interests of all involved – the parties, the witnesses and the courts – to transfer and centralize these Actions.

### D.  There is a Sufficient Number of Actions to Support Transfer and Centralization

As stated above, there are currently seventeen (17) cases pending in federal court and Plaintiffs believe that many more will follow. The alleged Data Breach of 2.5 million customers' PII, and numerous tag-along actions will likely be filed against Nelnet in federal courts around the country. The Panel has routinely ordered centralization of three or fewer cases.  *See, e.g., In re Wireless Tel. Replacement Prot. Programs Litig.*, 180 F. Supp. 2d 1381, 1383 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Philadelphia Life Ins. Co. Sales Pracs. Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Pat. & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp. Sec. Litig.*, 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions). Given the number of current and likely tag-along actions related to Nelnet's systematic, widespread activities, transfer and centralization is appropriate.

### II.    The District Court of Nebraska is the Appropriate Transferee Forum

The U.S. District Court for the District of Nebraska is the most appropriate venue for transferring and centralizing the Actions for numerous reasons. All Actions, except two (2)—the

*Kohrell* (E.D. Tenn.) and *Kitzler* (C.D. Cal.) Actions—are already filed in the District of Nebraska. California has no nexus to the litigation. Furthermore, Tennessee also has little nexus to the litigation, other than just the *Kohrell* Action being the only complaint to name Edfinancial as a party. A significant "nexus" exists when a party who is common to all actions is headquartered or has facilities that are located within the transferee court's jurisdiction, such that relevant witnesses and documentary evidence common to all the actions are likely to be found there. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). The headquarters of Nelnet is located in Nebraska and thus most relevant documents and witnesses are likely to be in this state. *See In re Union Pac. R.R. Co. Emp. Pracs. Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) (transferring to the District of Nebraska since "documents and witnesses can be found at [defendant]'s Nebraska headquarters" and "the Nebraska district has the capacity to handle this litigation."). Additionally, the first filed Action against Nelnet (the *Herrick* Action) was filed in the District of Nebraska. *See In re: Saturn L-Series Timing Chain Prod. Liab. Litig.*, 536 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) ("We are persuaded that the District of Nebraska is an appropriate transferee district for pretrial proceedings in this litigation, because the first-filed action was brought there").

The current caseload and efficiency in the District of Nebraska also counsels in favor of centralization there. Recent federal statistics confirm that the District of Nebraska is an efficient jurisdiction capable of ensuring timely resolution of these Actions.[2] The importance of the median time from filing to disposition in the district courts has previously been recognized by the Panel as an important consideration. *See In re National Student Marketing Litig.,* 368 F. Supp. 1311,

---

[2] *United States District Courts* – U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2022), *available at* https://www.uscourts.gov/file/45245/download.

1318 (J.P.M.L. 1972) ("even more significantly, the median time interval from issue to trial in civil cases was eighteen months in the District of Columbia but twenty-seven months in the Southern District of New York"). As of June 30, 2022, the District of Nebraska's median time from filing to disposition for all civil cases is 5.1 months and from "filing to trial" is 31.5 months.[3] For comparison, as of June 30, 2022, the median time from filing to disposition for all civil cases in the Eastern District of Tennessee was more than double at 12.6 months and from "filing to trial" is 33.0 months;[4] the median time from filing to disposition for all civil cases in the Central District of California is 4.8 months and from "filing to trial" is 23.5 months.[5] *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 387 F. Supp. 2d 1365, 1366 (J.P.M.L. 2005) ("The Southern District of New York i) contains the first-filed action; and ii) has more favorable caseload statistics than the Eastern District of New York."); *In re Xyberbaut Corp. Sec. Litig.*, 403 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005) (transferring to a district that "has relatively favorable caseload statistics."). The District of Nebraska is also the least busiest docket compared to the Eastern District of Tennessee and the Central District of California. The District of Nebraska had 1,531 total filings as of June 30, 2022, compared to the Eastern District of Tennessee (1,798) and the Central District of California (15,114).[6] Additionally, as of August 15, 2022, the District of Nebraska does not currently have any pending MDL's, compared to the Central District of California (five) and the Eastern District of Tennessee (1).[7] Thus the District of Nebraska has the resources and capacity to properly oversee this litigation, and the Panel should transfer the Actions to this District.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Id.

[7] J.P.M.L. – Pending MDLs by District as of August 15, 2022, *available at* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-15-2022.pdf.

## <u>CONCLUSION</u>

Based on the forgoing, Movant's Motion for Transfer and Consolidation Under 28 U.S.C. § 1407 should be granted and the seventeen (17) related actions listed in the Schedule of Actions filed concurrently herewith, as well as any subsequently filed actions containing similar allegations, should be transferred to the U.S. District Court for the District of Nebraska.

Dated: September 14, 2022                    Respectfully submitted,

*/s/ Christian Levis*
Christian Levis
Johnathan Seredynski
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: clevis@lowey.com
Email: jseredynski@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Email: achristina@lowey.com

Steven L. Bloch
Ian W. Sloss
Zachary Rynar
**SILVER GOLUB & TEITELL LLP**
One Landmark Square
Fifteenth Floor
Stamford, Connecticut 06901
Tel: (203) 325-4491
Email: sbloch@sgtlaw.com
Email: isloss@sgtlaw.com
Email: zrynar@sgtlaw.com

Joel M. Carney
Jeana L. Goosmann
Joseph V. Messineo

**GOOSMANN LAW FIRM, PLC**
17838 Burke Street, Ste. 250
Omaha, NE 68118
Tel: (402) 280-7648
Email: carneyj@goosmannlaw.com
Email: goosmannj@goosmannlaw.com
Email: messineoj@goosmannlaw.com

*Counsel for Plaintiffs William Spearman, Brittni*
*Linn, Jessica Alexander, Christopher Sangmeister,*
*Taylor Vetter, Nichole Allocca, Kayli Lazard, and*
*Bridget Cahill, Pamela Bump, Melissa*
*Charbonneau, Douglas Conley, Noah Helvey,*
*Dallin Iler, Dustin Jones, Devinne Peterson, Justin*
*Randall, Sofia Rodriguez, and Rachel Woods*