CUMMINGS

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.6.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:22-cv-05467

Quinn v. Edfinancial Services, LLC et al
Assigned to: Honorable Manish S. Shah
Demand: $9,999,000
Case in other court: Circuit Court of Cook County, 2022CH08824
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 10/05/2022
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Anthony Quinn**
*individually and on behalf of all others
similarly situated*

represented by  **Bryan Paul Thompson**
Chicago Consumer Law Center, P.C.
33 N. Dearborn St.
Suite 400
Chicago, IL 60602
312-858-3239
Fax: Active
Email: bryan.thompson@cclc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Harrer**
Chicago Consumer Law Center, P.C.
106 N. Wilmette Ave.
Westmont, IL 60559
312-858-3240
Fax: 312-610-5646
Email: rob.harrer@cclc-law.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Edfinancial Services, LLC**

**Defendant**

**Nelnet Servicing, LLC**

represented by  **James Joseph Sipchen**
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673
(312) 346-1973
Fax: Active
Email: jsipchen@pretzel-stouffer.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2022 | 1 | NOTICE of Removal from Circuit Court of Cook County, case number (2022CH08824) filed by Nelnet Servicing, LLC Filing fee $ 402, receipt number AILNDC-19913847. (Sipchen, James)(Docket Text Modified by Clerk's Office) Modified on 10/5/2022 (aee, ). (Entered: 10/05/2022) |
| 10/05/2022 | 2 | CIVIL Cover Sheet (Sipchen, James) (Entered: 10/05/2022) |
| 10/05/2022 | 3 | ATTORNEY Appearance for Defendant Nelnet Servicing, LLC by James Joseph Sipchen (Sipchen, James) (Entered: 10/05/2022) |
| 10/05/2022 | | CASE ASSIGNED to the Honorable Manish S. Shah. Designated as Magistrate Judge the Honorable Jeffrey Cummings. Case assignment: Random assignment. (mbh, ) (Entered: 10/05/2022) |
| 10/05/2022 | 4 | ATTORNEY Appearance for Plaintiff Anthony Quinn by Bryan Paul Thompson (Thompson, Bryan) (Entered: 10/05/2022) |
| 10/05/2022 | 5 | ATTORNEY Appearance for Plaintiff Anthony Quinn by Robert W. Harrer (Harrer, Robert) (Entered: 10/05/2022) |
| 10/06/2022 | 6 | MAILED Notice of Removal letter to counsel of record. (lxk, ) (Entered: 10/06/2022) |
| 10/06/2022 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (lxk, ) (Entered: 10/06/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/06/2022 09:26:48 | | | |
| PACER Login: | Mullen1001 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:22-cv-05467 |
| Billable Pages: | 2 | Cost: | 0.20 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLIONIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY QUINN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CASE NO. |
| vs. | |
| EDFINANCIAL SERVICES, LLC and NELNET SERVICING, LLC, | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441 and 1446, Defendant, Nelnet Servicing, LLC ("Nelnet"), hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division Case No. 2022CH08824 to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA").

In further support of removal, Nelnet states as follows:

## I.       BACKGROUND

1.       On September 6, 2022, Plaintiff Anthony Quinn ("Plaintiff") filed his Class Action Complaint in the Circuit Court of Cook County, Illinois. A copy of the Complaint is attached as Exhibit A. to this Notice.

2.       Pursuant to 28 U.S.C. § 1446(a), "copies of all process, pleadings, and orders that have been filed and served in the State Court action" are attached as Exhibit B to this Notice.

3.       According to the Complaint, Plaintiff is a citizen of Illinois. *See,* Ex. A, ¶ 14.

4.      "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mutual Insurance Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

5.      Here, Nelnet is an Illinois limited liability company with its principal place of business in Lincoln, Nebraska. It has one "member" as Nelnet Servicing, LLC is wholly owned by Nelnet Diversified Solutions, LLC, a limited liability company with its principal place of business in Lincoln, Nebraska.  Nelnet Diversified Solutions, LLC itself also has one "member" as it is a wholly owned subsidiary of Nelnet, Inc., a corporation incorporated in Nebraska and with its principal place of business in Lincoln, Nebraska.  *See,* Exhibit C, Al Davis Declaration ¶¶ 3-5. Accordingly, for purposes of diversity, Nelnet is a citizen of Nebraska.

6.      Co-Defendant EdFinancial Services, LLC ("EdFinancial") is a Nevada based LLC consisting of fifteen total members, all of whom are individuals who reside in and are citizens of Tennessee, Pennsylvania, or Louisiana.  *See,* Exhibit D, Collignon Declaration ¶ 4.  Accordingly, for purposes of diversity, EdFinancial is a citizen of Tennessee, Pennsylvania and Louisiana.

7.      In the Complaint, Plaintiff alleges that the action arises out of a data breach that includes "hundreds of thousands of individuals" who's information was allegedly stolen by cybercriminals in a cyber-attack on Nelnet's computer system.  Ex. A at ¶ 1.

8.      The Complaint further alleges that "as a result of Defendants' failure to properly secure Plaintiffs and the Class Member's personal information, the cybercriminals obtained extensive personal information including names, addresses, email addresses, phone numbers and social security numbers."  Ex. A at ¶ 1.

9.      Plaintiff asserts causes of action for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) negligence; and (3) invasion of privacy.  Ex. A.

10. Nelnet was served with the Complaint on September 13, 2022 and this Notice of Removal is timely filed within 30 days of service of the Complaint. *See, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

11. Nelnet has not yet filed a responsive pleading or otherwise responded to the Complaint in the state court action.

## II.    REMOVAL PURSUANT TO 28 U.S.C. § 1332(a)

12. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount in controversy exceeds $75,000. *Carroll v. Striker Corp.,* 658 F.3d 675, 680-81 (7th Cir. 2011).

13. Here, Plaintiff is a citizen of the state of Illinois, Nelnet is a citizen of Nebraska, and co-Defendant EdFinancial is a citizen of Tennessee, Pennsylvania and Louisiana. *See,* Ex. C ¶¶ 4-5; Ex. D, ¶ 4. Accordingly, complete diversity exists under 28 U.S.C. § 1332(a)(1).

14. As to the jurisdictional amount of $75,000, the court considers the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. Western-Southern Life Ins. Co*, 381 F. 3d 591, 595 (7th Cir. 2004).

15. Additionally, for purposes of assessing the amount in controversy, plaintiff's allegations are accepted as true, and it is the *potential* damages based on the allegations in the complaint that are to be assessed. *Andrews v. E.I. Du Pont De Nemours and Co.,* 447 F.3d 510, 515 (7th Cir. 2006), Here, Plaintiff seeks equitable relief, compensatory damages, statutory damages, and/or nominal damages in addition to injunctive relief in the form of credit monitoring and improved data security protocols. While Nelnet denies that Plaintiff is entitled to any damages at all, for the purposes of this threshold amount, the implementation of the improved data security

protocols alone would meet the $75,000 threshold, which does not even take into account any of the other damages sought by Plaintiff.  *See,* Ex. C ‖ 6.

## III.    REMOVAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT

16.    Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and (1) a member of the class of plaintiffs is a citizen of a state different from Nelnet ("minimum diversity"); (2) the number of proposed class members of 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See,* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); *Roppo v. Travelers Commer. Ins. Co.,* 869 F. 3d 568, 578 (7th Cir. 2017).

17.    The removing defendant has the burden of establishing the requirements of CAFA jurisdiction, although it only needs to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  Further, a removing party need only show that there is a "reasonable probability that the stakes exceed the minimum [in controversy threshold]." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005)  Indeed, "[a] good faith estimate is acceptable if it is plausible and adequately supported by the evidence."  *Blomberg v. Serv. Corp. Int'l.,* 639 F.3d 761, 763 (7th Cir. 2011).

18.    First, Plaintiff seeks to certify a class of "hundreds of thousands of individuals" impacted by the data breach. *See,* Ex. A, ¶ 1. Thus, this exceeds the threshold of proposed class members of 100 or more as required by CAFA.

19.    Second, Plaintiff is a citizen of Illinois, Nelnet as discussed above is a citizen of Nebraska, and EdFinancial as discussed above is a citizen of Pennsylvania, Louisiana and

Tennessee. Accordingly, minimal diversity exists because members "of a class of plaintiffs [are] citizen[s] of a State different from" Nelnet and EdFinancial. *See,* 28 U.S.C. § 1332(d)(2). Indeed, the putative nation-wide class of individuals affected by the Data Breach reside across the country, and Nelnet asserts that more than two-thirds of the nationwide class reside outside of Illinois.

20.     Third, Plaintiff seeks equitable relief, compensatory damages, statutory damages, and/or nominal damages, in addition to attorneys' fees and costs on behalf of the class which, for the purposes of this Notice, Nelnet will reflect could encompass approximately 2.5 million individuals impacted by the Data Breach.  Plaintiff also seeks injunctive relief which could require Nelnet to take numerous costly measures related to the protection of the putative class members' personal information.

21.     The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 849 F.3d at 579; citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 579.

22.     Here, for the purposes of the Notice, Nelnet attests that the amount in controversy for the putative class of 2.5 million individuals exceeds $5 million in the aggregate, exclusive of interests and costs.

## IV.     VENUE,  NOTICE, AND CONSENT

23.     Removal to this Court is proper because it is the "district…embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

24. Upon filing this Notice of Removal in this Court, Nelnet will provide written notice of the filing of the Notice of Removal to the Plaintiff and the Cook County Circuit Court pursuant to 28 U.S.C. § 1446(d).

25. Pursuant to 28 U.S.C. § 1446(b)(2)(A), co-defendant, EdFinancial Services, LLC has provided its written consent to removal of this action. *See,* Ex. D.

WHEREFORE, Defendant Nelnet Servicing LLC hereby remove this civil action to this Court on the basis of diversity jurisdiction and this Court's original jurisdiction over this Acton under the Class Action Fairness Act.


Dated: October 5, 2022                          Respectfully Submitted,

                                                NELNET SERVICING, LLC

                                                By:  */s/ James J. Sipchen*____
                                                        James J. Sipchen
                                                        PRETZEL & STOUFFER, CHARTERED
                                                        One S. Wacker Drive, Suite 2500
                                                        Chicago, IL 50505-4673
                                                        Telephone (312) 346-1973
                                                        jsipchen@pretzel-stouffer.com

                                                        Attorneys for Defendant,
                                                        Nelnet Servicing, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2022, I electronically filed the with the clerk of the

court using the CM/ECF system which will send notification of such filing to the e-mail address

denoted on the electronic Mail Notice List.


Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com


Michael Kind, Esq. (*Pro Hac Vice* Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702) 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com


_____ */s/ James J. Sipchen* _____

# EXHIBIT A

**12-Person Jury**

FILED
9/6/2022 7:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19379278

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED DATE: 9/6/2022 7:32 PM    2022CH08824

| | |
|---|---|
| ANTHONY QUINN,<br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br>EDFINANCIAL SERVICES, LLC and NELNET SERVICING, LLC<br><br>*Defendants.* | Case No.: **2022CH08824**<br><br>Hon.<br>Hearing Date: 1/5/2023 9:30 AM<br>Location: Court Room 2408<br>Judge: Conlon, Alison C<br>Calendar<br><br>Courtroom |

## CLASS ACTION COMPLAINT

Plaintiff Anthony Quinn, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial against Defendants Nelnet Serving, LLC ("Nelnet") and EdFinancial Services, LLC ("EFS"), to seek redress for the defendants' conduct leading up to, surrounding, and following a data vulnerability and breach incident that exposed the personal information of hundreds of thousands of their customers. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## NATURE OF THE CASE

1.      Defendant Nelnet Servicing, LLC and EdFinancial Services, LLC (Collectively "Defendants") failed to safeguard the confidential personal identifying information of Plaintiff Anthony Quinn ("Plaintiff") and hundreds of thousands of individuals ("Class Members" or collectively as the "Class"). This class action is brought on behalf of Class Members whose personally identifiable information ("PII"



FILED DATE: 9/6/2022 7:32 PM   2022CH08824

or "Private Information") was stolen by cybercriminals in a cyber-attack that accessed sensitive information through the Defendant's computer system.

2.     Nelnet, a student loan servicer, provided serves to EFS, to assist EFS in servicing student loans.

3.     On or about August 23, 2022, Defendants became aware that a group of cybercriminals had access to Defendant Nelnet's accounts on its computer systems, compromising information held by EFS as well as another student loan servicer, Oklahoma Student Loan Authority. (the "Data Breach").

4.     Defendants later determined that the information accessed by the cybercriminals contained personal information belonging to the Class Members.

5.     The cybercriminals accessed insufficiently protected information belonging to Plaintiff and the Class Members. Upon information and belief, as a result of Defendants' failure to properly secure Plaintiff's and the Class Members' personal information, the cybercriminals obtained extensive personal information including names, addresses, email addresses, phone numbers and social security numbers ("PII" or "Private Information").

6.     Plaintiff's and Class Members' sensitive personal information, which was entrusted to Defendant, its officials and agents, was compromised, unlawfully accessed, and stolen due to the data breach.

7.     As a result of Defendants' actions and/or inaction, Plaintiff and the Class Members were harmed and must now take remedial steps to protect themselves from future loss. Indeed, Plaintiff and all Class Members are currently at a very high risk

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

of misuse of their Private Information in the coming months and years, including but not limited to unauthorized account access including on third-party services and identity theft through use of personal information to open up accounts.

8.    The Defendants' wrongful actions and/or inaction constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, common law negligence, and invasion of privacy by the public disclosure of private facts.

9.    Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendants' inadequate safeguarding of Class Members' Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their information had been subject to the unauthorized access of an unknown third party.

10.    Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages and/or nominal damages, (ii) punitive damages, (iii) injunctive relief, and (iv) fees and costs of litigation.

### JURISDICTION AND VENUE

11.    Jurisdiction over the Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

12.    Venue is proper in this county pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

thereof, occurred.  In addition, Defendants regularly do business in this county.  735 ILCS 5/2-102(a).

13.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

<u>**PARTIES**</u>

14.     Plaintiff Anthony Quinn was a resident and citizen of the State of Illinois during all times relevant to this complaint.

15.     Defendant EdFinancial Services, LLC is a Nevada based limited liability company with its primary place of business located at 298 North Seven Oak Drive, Knoxville, Tennessee 37922.

16.     Defendant Nelnet Servicing, LLC., is a Nebraska based limited liability company with its primary place of business located at 121 S. 13th Street, Suite 100, Lincoln, Nebraska 68508.

<u>**FACTUAL ALLEGATIONS**</u>

17.     Identity theft, which costs Americans billions of dollars a year, occurs when an individual's personal identifying information is used without his or her permission to commit fraud or other crimes. Victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars.

18.     According to the Federal Trade Commission ("FTC"):

> **Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit**

4

record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit.

19.    The United States Government Accountability Office ("GAO") has stated that identity thieves can use identifying data to open financial accounts and incur charges and credit in a person's name. As the GAO has stated, this type of identity theft is the most damaging because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating. Like the FTC, the GAO explained that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well the damage to their "good name."

20.    Industry Standards highlight several basic cybersecurity safeguards that can be implemented to improve cyber resilience that require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of Private Information; (b) educating and training employees on how to protect Private Information; and (c) correcting the configuration of software and network devices.

21.    Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

FILED DATE: 9/6/2022 7:32 PM    2022CH08824

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

22.    Accordingly, federal and state legislatures have passed laws to ensure companies protect the security of sensitive personally identifying confidential information, such as that wrongfully disclosed by Defendant.

23.    The FTC has issued a publication entitled "Protecting Personal Information: A Guide for Business" ("FTC Report"). The FTC Report provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft. To protect the personal sensitive information in their files, the FTC Report instructs businesses to follow, among other things, the following guidelines:

    a.    Know what personal information you have in your files and on your computers;

    b.    Keep only what you need for your business;

    c.    Protect the information that you keep;

    d.    Properly dispose of what you no longer need;

    e.    Control access to sensitive information by requiring that employees use "strong" passwords; tech security experts believe the longer the password, the better; and

    f.    Implement information disposal practices reasonable and appropriate to prevent an unauthorized access to personally identifying information.

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

24.     The FTC Report also instructs companies that outsource any business functions to proactively investigate the data security practices of the outsourced company and examine their standards.

25.     The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

26.     Upon information and belief, the Defendants have policies and procedures in place regarding the safeguarding of confidential information they are entrusted with and Defendants failed to comply with those policies. The Defendants also negligently failed to comply with industry standards or even implement rudimentary security practices, resulting in Plaintiff's and the Class' confidential information being substantially less safe than had this information been entrusted with other similar companies.

27.     On or around August 26, 2022, over a month since the data breach occurred, Defendant Nelnet notified the Secretary of State of Maine about the data breach, which subsequently made this information public.

28.     Nelnet indicated that it had lost information related to servicing by two other servicers, including EFS.

29.     On information and belief, even though millions of consumers have had their personal data breached due to Defendants' actions and inactions, the Defendants have not specifically provided notice to all of these consumers.

30. The criminals were able to access Plaintiff's and the Class' personal information because the Defendants failed to take reasonable measures to protect the Personally Identifiable Information they collected and stored. Among other things, the Defendants failed to implement data security measures designed to prevent this attack, despite repeated industry wide warnings about the risk of cyberattacks and the highly publicized occurrence of many similar attacks in the recent past.

31. As a result of Defendants' failure to properly secure Plaintiff's and the Class Members' personal identifying information, Plaintiff's and the Class Members' privacy has been invaded.

32. Moreover, all of this personal information is likely for sale to criminals on the dark web, meaning that unauthorized parties have accessed and viewed Plaintiff's and the Class Members' unencrypted, non-redacted information, including names, addresses, email addresses, phone numbers and social security numbers, and other potential PII.

33. As a direct and proximate result of Defendants' wrongful disclosure, criminals now have Plaintiff's and the Class Members' personal identifying information. Additionally, the disclosure makes Plaintiff and Class Members much more likely to respond to requests from the Defendants or law enforcement agencies for more personal information, such as bank account numbers, login information or even Social Security numbers. Because criminals know this and are capable of posing as Defendants or law enforcement agencies, consumers like Plaintiff and fellow Class

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

Members are more likely to unknowingly give away their sensitive personal information to other criminals.

34. Defendants' wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendants' wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

35. As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

36. Defendants' wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendants' wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

9

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

37.   As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

38.   Names and social security numbers, combined with other contact information, are very valuable to hackers and identity thieves as it allows them to access users' other accounts. Thus, even if some information was not involved in the Data breach, the unauthorized parties could use Plaintiff's and Class Members' Private Information to access other information, including, but not limited to email accounts, government services accounts, e-commerce accounts, payment card information, and financial accounts, to engage in the fraudulent activity identified by Plaintiff.

39.   As a direct and proximate result of the data breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic losses in the form of: the loss of time needed to: take appropriate measures to avoid unauthorized and fraudulent charges; change their usernames and passwords on their accounts; investigate, correct and resolve unauthorized debits, charges, and fees charged against their accounts; and deal with spam messages and e-mails received as a result of the data breach. Plaintiffs and Class Members have likewise suffered and will continue to suffer an invasion of their property interest in their own Private Information such that they are entitled to damages for unauthorized access to and misuse of their Private Information from Defendant. Plaintiffs and Class Members

presently and will continue to suffer from damages associated with the unauthorized use and misuse of their Private Information as thieves will continue to use the stolen information to obtain money and credit in their name for several years.

40.     The Defendants were at all times fully aware of their obligations to protect the Private Information of Plaintiff and Class Members. While Plaintiff and Class Members did not specifically choose either Defendant to service their loans, they would have taken additional precautions if they knew the Defendants would fail to maintain adequate data security. The Defendants were also aware of the significant repercussions that would result from their failure to do so.

41.     Accordingly, Plaintiff on behalf of himself and the Class, brings this action against Defendants' seeking redress for their unlawful conduct.

## CLASS ALLEGATIONS

42.     Plaintiff brings these claims on behalf of the following classes:

**National Class**: All individuals whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.

**Illinois Sub-Class**: All individuals in Illinois whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.

43.     Plaintiff may alter the class definitions to conform to developments in the case and discovery.

44.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

45.     The putative Classes are comprised of thousands of persons, making joinder impracticable. The joinder of the Class Members is impractical and the

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Classes can be identified through the Defendants' records or the Defendants' agents' records.

46. The rights of each Class Member were violated in an identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

47. **Numerosity:** Upon information and belief, the Classes are so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Classes are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendant. However, it is reasonable to infer that more than 40 individuals in each class were impacted by the data breach at issue. Members of the Classes can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48. **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Classes, including, without limitation:

a. Whether Defendants negligently failed to maintain and execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' personal identifying information;

b. Whether Defendants were negligent in storing and failing to adequately safeguard Plaintiff's and Class Members' personal identifying information;

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

c. Whether Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their personal identifying information;

d. Whether Defendants breached their duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

e. Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendants invaded Plaintiff's and Class Members' privacy;

f. Whether Plaintiff and Class Members sustained damages as a result of the Defendants' failure to secure and protect their personal identifying information.

49. **Adequacy of Representation:** Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent and he intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in consumer class actions and complex litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the class members.

50. **Appropriateness:** A class action in this case would be appropriate and superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against the Defendants, so it would be impracticable for members of the Classes to individually seek redress for the Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

51. The Defendants have acted or failed to act on grounds that apply generally to the class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

## COUNT I - VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *ET SEQ.*
### (ON BEHALF OF PLAINTIFF AND THE ILLINOIS SUBCLASS)

52. Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

53. Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

54. Defendants violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

55. Specifically, it was an unfair act and practice to represent to Plaintiff and the Illinois Subclass members that it implemented commercially reasonable measures to protect their PII, Defendants nonetheless failed to fulfill such representations, including by failing to timely detect the Data Breach.

56. Despite representing to Plaintiff and the Illinois Subclass members that it would implement commercially reasonable measures to protect their PII, Defendants nonetheless failed to fulfill such representations.

57. Plaintiff and the Illinois Subclass members have suffered injury in fact and actual damages, as alleged herein, as a result of the Defendants' unlawful conduct and violations of the ICFA and analogous state statutes.

58. The Defendants' conduct offends public policy as it demonstrates a practice of unfair and deceptive business practices in failing to safeguard consumers PII.

59. An award of punitive damages is appropriate because the Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the Defendants' illegal conduct.

## COUNT II - NEGLIGENCE

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

15

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

60.   Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

61.   Upon the Defendants accepting and storing the Private Information of Plaintiff and the Class in its computer systems and on its networks, each Defendant undertook and owed a duty to Plaintiff and the Class to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. The Defendants knew that the Private Information was private and confidential and should be protected as private and confidential.

62.   The Defendants owed a duty of care not to subject Plaintiff's and the Class' Private Information to an unreasonable risk of exposure and theft because Plaintiff and the Class were foreseeable and probable victims of any inadequate security practices.

63.   It was reasonably foreseeable that the Defendants' failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' personal identifying information would result in an unauthorized third-party gaining access to such information for no lawful purpose, and that such third parties would use Plaintiff's and Class Members' personal identifying information for malevolent and unlawful purposes, including the commission of direct theft and identity theft.

64.   The Defendants knew, or should have known, of the risks inherent in collecting, storing, and sharing Private Information amongst themselves and the importance of adequate security. The Defendants knew of should have known about numerous well-publicized data breaches within the industry.

65.     Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of the Defendants' failure to secure and protect their personal identifying information as a result of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft herein, insurance incurred in mitigation, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they suffered loss and are entitled to compensation.

66.     The Defendants' wrongful actions and/or inaction (as described above) constituted, and continue to constitute, negligence at common law.

## COUNT III - INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS AND INTRUSION UPON SECLUSION
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

67.     Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

68.     Plaintiff's and Class Members' Personal Identifying Information is and always has been private information.

69.     Dissemination of Plaintiff's and Class Members' private information is not of a legitimate public concern; publication to third parties of their personal identifying information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

70.     Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of the Defendants' invasion of their privacy by publicly

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

disclosing their private facts including, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

71.   The Defendants' wrongful actions and/or inaction (as described above) constituted, and continue to constitute, an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their personal identifying information).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks for an award in his favor and against each Defendant as follows:

A. Certifying this action as a class action, with a class as defined above;

B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C. For equitable relief enjoining Defendant from engaging in the wrongful acts and omissions complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and from failing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;

D. Awarding compensatory damages to redress the harm caused to Plaintiff and Class Members in the form of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-

economic harm. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court.

E. Ordering injunctive relief including, without limitation, (i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control.

F. Awarding Plaintiff and the Class Members interest, costs and attorneys' fees;

G. Compensatory damages, punitive damages and attorneys' fees and the costs of this action as allowed under the Illinois Consumer Fraud Act; and

H. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com

19

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

rob.harrer@cclc-law.com

Michael Kind, Esq. (*Pro Hac Vice* Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702) 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

# EXHIBIT B

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

FILED
9/7/2022 7:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19399904

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY QUINN,
Individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

EDFINANCIAL SERVICES, LLC and
NELNET SERVICING, LLC

*Defendants.*

Case No.: **2022-CH-08824**

Hon. **Alison C. Conlon**

Calendar **4**

Courtroom **2408**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, hereby states as follows:

1.    Plaintiff seeks relief on behalf of himself and a class of similarly situated persons as alleged in his Class Action Complaint.

2.    Pursuant to 735 ILCS 5/2-801, and for the reasons stated in Plaintiff's contemporaneously filed supporting memorandum, Plaintiff respectfully requests that this action be certified for class treatment on behalf of the following proposed classes:

> <u>National Class</u>: All individuals whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.
>
> <u>Illinois Sub-Class</u>: All individuals in Illinois whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

1



FILED DATE: 9/7/2022 7:33 PM    2022CH08824

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com


Michael Kind, Esq. (*Pro Hac Vice* Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

### Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Wednesday, September 7, 2022, I caused the foregoing **Motion for Class Certification** to be filed with the Clerk and sent via process server along with the Summons and Complaint to:

Nelnet Servicing, LLC
c/o CT Corporation System
208 South LaSalle Drive, Suite 814
Chicago, IL 60604

Edfinancial Services, LLC
c/o National Registered Agents, Inc.
208 South LaSalle Drive, Suite 814
Chicago, IL 60604

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED
9/7/2022 7:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19399904

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY QUINN,
Individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

EDFINANCIAL SERVICES, LLC and
NELNET SERVICING, LLC

*Defendants.*

Case No.: **2022-CH-08824**

Hon. **Alison C. Conlon**

Calendar **4**

Courtroom **2408**

<u>MEMORANDUM IN SUPPORT OF</u>
<u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

Plaintiff, by and through counsel, moves, pursuant to 735 ILCS 5/2-801, to

certify this case to proceed as a class action for Class and Subclass defined as follows:

> <u>National Class</u>: All individuals whose PII was exposed while in the
> possession of Defendants, or any of their subsidiaries and/or agents, during
> the Data Breach.

> <u>Illinois Sub-Class</u>: All individuals in Illinois whose PII was exposed
> while in the possession of Defendants, or any of their subsidiaries and/or
> agents, during the Data Breach.

A. Nature of the Case

This case relates to a data breach incident occurring in June and July, 2022,

where personal information ("PII") belonging to Plaintiff and members of the putative

class was exposed while in the possession of the Defendants. Defendants are student

loan servicers. Plaintiff, and members of the putative class, had their student loans

assigned to EdFinancial Services, LLC, and did not have an option to choose another

servicer. EdFinancial subsequently retained or hired Nelnet to provide additional

FILED DATE: 9/7/2022 7:33 PM    2022CH08824

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

services, which provided Nelnet with the PII for Plaintiff and members of the class. However, the Defendants failed to properly secure this PII, allowing it to enter the hands of cybercriminals who likely will use this information to attempt to access other accounts of Plaintiff and members of the putative class as well as to obtain other illegal benefits

As a result of Defendants' conduct leading up to, surrounding, and following the subject Data Breach, Plaintiff and the other class members have incurred both pecuniary and nonpecuniary injuries, including having their PII exposed, having to spend time, expense, and effort mitigating further privacy injuries, mental anguish, and other legally cognizable informational injuries.

## This Motion is Timely and May be Supplemented Later as Appropriate

Plaintiff may be required to file a motion for class certification with the Complaint and is able to request leave to supplement it later. *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020).

## The Class Satisfies All Prerequisites for Certification under 735 ILCS 5/2-801

735 ILCS 5/2-801 provides: "An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)  The class is so numerous that joinder of all members is impracticable.

(2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

2

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

(3)    The representative parties will fairly and adequately protect the interest

of the class.

(4)    The class action is an appropriate method for the fair and efficient

adjudication of the controversy.

## A.    Numerosity is Met for the Class.

The first requirement for class certification is numerosity. A proposed class

should be so numerous that joinder is impracticable. *See* 735 ILCS § 5/2-801(1).

The exact number of members of the Classes are presently unknown and can

only be ascertained through discovery because that information is exclusively in the

possession of the Defendants. However, it is reasonable to infer that more than 40

individuals in each class were impacted by the data breach at issue. Members of the

Classes can be easily identified through the Defendants' records. Class members may

be notified of the pendency of this action by recognized, Court-approved notice

dissemination methods, which may include U.S. mail, electronic mail, Internet

postings, and/or published notice.

The benchmark for numerosity in Illinois is 40:

> If the class has more than forty people in it, numerosity is satisfied; if
> the class has less than twenty-five people in it, numerosity probably is
> lacking; if the class has between twenty-five and forty, there is no
> automatic rule and other factors, * * * become relevant. *Miller*, An
> Overview of Federal Class Actions: Past, Present, and Future, Federal
> Judicial Center, at 22 (1977).

*Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n*, 198 Ill. App. 3d

445, 450 (5th Dist. 1990).

3

FILED DATE: 9/7/2022 7:33 PM  2022CH08824

Based on this, numerosity should be found and joinder of all members of each class is impracticable.

**B.     Commonality and Predominance are Met for the Class.**

Plaintiff can also demonstrate the second element of certification, that there "are questions of fact or law common to the class" that "predominate over any questions affecting only individual members." 735 ILCS § 5/2-801(2). Under this standard, "so long as there is a question of fact or law that is common to the class that predominates over questions affecting only individual members of the class, the statutory requirement is met." *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d. 538, 549 (5th Dist. 2003).

> **A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still predominate the case, and the class action is not defeated...**

*Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266, 273 (1st Dist. 1977); *see also Gordon v. Boden*, 224 Ill. App. 3d 195, 200-03 (1st Dist. 1991) (commonality met for manufacturer selling defective orange juice despite purported individual issues regarding purported reliance, applicable state law, and price paid).

This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

> A.     Whether Defendants negligently failed to maintain and execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' personal identifying information;

4

FILED DATE: 9/7/2022 7:33 PM 2022CH08824

**B.**     Whether Defendants were negligent in storing and failing to adequately safeguard Plaintiff's and Class Members' personal identifying information;

**C.**     Whether Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their personal identifying information;

**D.**     Whether Defendants breached their duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

**E.**     Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendants invaded Plaintiff's and Class Members' privacy;

**F.**     Whether Plaintiff and Class Members sustained damages as a result of Defendants' failure to secure and protect their personal identifying information.

The only individual issue is the identification of the class members, a matter easily ascertainable from the files of the Defendants. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

**C.  Plaintiff and Class Counsel will More than Adequately Represent the Class Members' Interests.**

Plaintiff satisfies the third requirement to certify a class action in Illinois, specifically that Plaintiff will "fairly and adequately protect the interests of the class." 735 ILCS § 5/2-801(3). Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

The purpose behind the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *See Bueker v. Madison County*, 2016 IL App (5th) 150282, 61 N.E.3d 237 (5th Dist. 2016) (*citing Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 831, 876 N.E.2d 1036 (2007)). Courts break down adequacy into three sub-requirements: 1) the class representative is a member of the class; 2) the class representative must not be seeking relief that is potentially in conflict with the class; 3) and the class representative has the desire and ability to prosecute the claim vigorously individually and on behalf of the class members with sufficient knowledge and understanding of the litigation. *See Byer Clinic & Chiropractic, Ltd. v. Kapraun*, 48 N.E. 2d 244, 247 (1st Dist. 2016). All requirements are met by Plaintiff herein.

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

Further, the undersigned counsel is well experienced and capable of representing the class and have represented consumers in numerous class actions prior to this case as well as other complex civil litigation in both state and federal court. Plaintiff and Plaintiff's counsel have no interests adverse to, or which conflict with, the interests of other members of the Class. Plaintiff is well-informed about the allegations, merits, and risks of this litigation, and is willing to actively participate in this case. *See Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612, 621 (1st Dist. 1986) (class representatives found adequate where record showed knowledge, persistence in prosecuting claim, and willingness to serve as representative). For these reasons, adequacy is met.

### D.   The Class Action is the Appropriate Method for the Fair and Efficient Adjudication of the Controversy.

The present case is appropriate for a class action, as it would provide for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment enables a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender. This also protects judicial resources as it would allow a single judicial decision to apply to the entire class, rather than require the separate adjudication of dozens or hundreds of very similar claims.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6.

These benefits of class actions over individual actions are especially true in cases involving data privacy violations and data breaches like the present case, which can involve significant injury to the those whose data is involved, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and multiple individual actions would be judicially inefficient when all relevant matters could be determined as a class. *Id*

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant, to ensure that the Class members' privacy rights are sufficiently protected, and to compensate those individuals who have had their privacy rights violated. Absent class relief, it is unlikely that any significant number of Class members would obtain redress, or that Defendants would willingly implement the requested and necessary. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

### E.    Timeliness of Plaintiff's Motion for Certification

While this case has only recently been filed, Plaintiff is presenting this motion, in part, to comply with the Illinois Supreme Court's decisions in *Barber v. American*

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

*Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020), which require that a motion for class certification be filed to avoid potential "pick-off" of the named Plaintiff by the Defendants. While all facts have not been fleshed out at this point, Plaintiff and Plaintiff's counsel are confident that with discovery, all required information will be obtained to reasonably supplement this motion for class certification. Plaintiff would not object to this Court entering and continuing this motion to allow the parties time to adequately engage in discovery prior to Defendants filing a response or to allow an amended or supplemental motion to be filed.

Further, if briefing and certification proceed ahead now, 735 ILCS 5/2-802 provides that a class certification order may be amended later to allow for adjustment of the appropriate classes or subclasses already certified. *See Cohen v. Blockbuster Entertainment, Inc.*, 376 Ill. App. 3d 588, 595 (1st Dist. 2007) ("the trial court has a continuing obligation to take cognizance of a change in factual circumstances and to modify class certification rulings when necessary.")

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above respectfully requests that this Honorable Court certify the Class pursuant to the Illinois Class Action Statute, 735 ILCS 5/2-801, and:

(A)   Certify the case as a class action for the class members defined above;

(B)   Appoint Plaintiff as Class Representative;

(C)   Appoint Chicago Consumer Law Center, P.C. and Kind Law, P.C. as Class Counsel; and

(D)   Any and all other relief the Court deems just and proper.

FILED DATE: 9/7/2022 7:33 PM   2022CH08824

Dated: September 7, 2022

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com


Michael Kind, Esq. (*Pro Hac Vice* Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

10

FILED DATE: 9/7/2022 7:33 PM 2022CH08824

## Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Wednesday, September 7, 2022, I caused the foregoing **Memorandum in Support of Class Certification** to be filed with the Clerk and sent via process server along with the Summons and Complaint to:

Nelnet Servicing, LLC
c/o CT Corporation System
208 South LaSalle Drive, Suite 814
Chicago, IL 60604

Edfinancial Services, LLC
c/o National Registered Agents, Inc.
208 South LaSalle Drive, Suite 814
Chicago, IL 60604

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

11

**12-Person Jury**

FILED
9/6/2022 7:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19379278

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY QUINN,
Individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

EDFINANCIAL SERVICES, LLC and
NELNET SERVICING, LLC

*Defendants.*

Case No.: **2022CH08824**

Hon.

Hearing Date: 1/5/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

Calendar

Courtroom

## CLASS ACTION COMPLAINT

Plaintiff Anthony Quinn, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial against Defendants Nelnet Serving, LLC ("Nelnet") and EdFinancial Services, LLC ("EFS"), to seek redress for the defendants' conduct leading up to, surrounding, and following a data vulnerability and breach incident that exposed the personal information of hundreds of thousands of their customers. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## NATURE OF THE CASE

1.     Defendant Nelnet Servicing, LLC and EdFinancial Services, LLC (Collectively "Defendants") failed to safeguard the confidential personal identifying information of Plaintiff Anthony Quinn ("Plaintiff") and hundreds of thousands of individuals ("Class Members" or collectively as the "Class"). This class action is brought on behalf of Class Members whose personally identifiable information ("PII"

1

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

or "Private Information") was stolen by cybercriminals in a cyber-attack that accessed sensitive information through the Defendant's computer system.

2.    Nelnet, a student loan servicer, provided serves to EFS, to assist EFS in servicing student loans.

3.    On or about August 23, 2022, Defendants became aware that a group of cybercriminals had access to Defendant Nelnet's accounts on its computer systems, compromising information held by EFS as well as another student loan servicer, Oklahoma Student Loan Authority. (the "Data Breach").

4.    Defendants later determined that the information accessed by the cybercriminals contained personal information belonging to the Class Members.

5.    The cybercriminals accessed insufficiently protected information belonging to Plaintiff and the Class Members. Upon information and belief, as a result of Defendants' failure to properly secure Plaintiff's and the Class Members' personal information, the cybercriminals obtained extensive personal information including names, addresses, email addresses, phone numbers and social security numbers ("PII" or "Private Information").

6.    Plaintiff's and Class Members' sensitive personal information, which was entrusted to Defendant, its officials and agents, was compromised, unlawfully accessed, and stolen due to the data breach.

7.    As a result of Defendants' actions and/or inaction, Plaintiff and the Class Members were harmed and must now take remedial steps to protect themselves from future loss. Indeed, Plaintiff and all Class Members are currently at a very high risk

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

of misuse of their Private Information in the coming months and years, including but not limited to unauthorized account access including on third-party services and identity theft through use of personal information to open up accounts.

8.     The Defendants' wrongful actions and/or inaction constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, common law negligence, and invasion of privacy by the public disclosure of private facts.

9.     Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendants' inadequate safeguarding of Class Members' Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their information had been subject to the unauthorized access of an unknown third party.

10.     Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages and/or nominal damages, (ii) punitive damages, (iii) injunctive relief, and (iv) fees and costs of litigation.

## JURISDICTION AND VENUE

11.     Jurisdiction over the Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

12.     Venue is proper in this county pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part

3

thereof, occurred. In addition, Defendants regularly do business in this county. 735 ILCS 5/2-102(a).

13. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

<p align="center">**PARTIES**</p>

14. Plaintiff Anthony Quinn was a resident and citizen of the State of Illinois during all times relevant to this complaint.

15. Defendant EdFinancial Services, LLC is a Nevada based limited liability company with its primary place of business located at 298 North Seven Oak Drive, Knoxville, Tennessee 37922.

16. Defendant Nelnet Servicing, LLC., is a Nebraska based limited liability company with its primary place of business located at 121 S. 13th Street, Suite 100, Lincoln, Nebraska 68508.

<p align="center">**FACTUAL ALLEGATIONS**</p>

17. Identity theft, which costs Americans billions of dollars a year, occurs when an individual's personal identifying information is used without his or her permission to commit fraud or other crimes. Victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars.

18. According to the Federal Trade Commission ("FTC"):

> Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

FILED DATE: 9/6/2022 7:32 PM    2022CH08824

record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit.

19.     The United States Government Accountability Office ("GAO") has stated that identity thieves can use identifying data to open financial accounts and incur charges and credit in a person's name. As the GAO has stated, this type of identity theft is the most damaging because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating. Like the FTC, the GAO explained that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well the damage to their "good name."

20.     Industry Standards highlight several basic cybersecurity safeguards that can be implemented to improve cyber resilience that require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of Private Information; (b) educating and training employees on how to protect Private Information; and (c) correcting the configuration of software and network devices.

21.     Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

22.     Accordingly, federal and state legislatures have passed laws to ensure companies protect the security of sensitive personally identifying confidential information, such as that wrongfully disclosed by Defendant.

23.     The FTC has issued a publication entitled "Protecting Personal Information: A Guide for Business" ("FTC Report"). The FTC Report provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft. To protect the personal sensitive information in their files, the FTC Report instructs businesses to follow, among other things, the following guidelines:

     a.     Know what personal information you have in your files and on your computers;

     b.     Keep only what you need for your business;

     c.     Protect the information that you keep;

     d.     Properly dispose of what you no longer need;

     e.     Control access to sensitive information by requiring that employees use "strong" passwords; tech security experts believe the longer the password, the better; and

     f.     Implement information disposal practices reasonable and appropriate to prevent an unauthorized access to personally identifying information.

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

24.   The FTC Report also instructs companies that outsource any business functions to proactively investigate the data security practices of the outsourced company and examine their standards.

25.   The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

26.   Upon information and belief, the Defendants have policies and procedures in place regarding the safeguarding of confidential information they are entrusted with and Defendants failed to comply with those policies. The Defendants also negligently failed to comply with industry standards or even implement rudimentary security practices, resulting in Plaintiff's and the Class' confidential information being substantially less safe than had this information been entrusted with other similar companies.

27.   On or around August 26, 2022, over a month since the data breach occurred, Defendant Nelnet notified the Secretary of State of Maine about the data breach, which subsequently made this information public.

28.   Nelnet indicated that it had lost information related to servicing by two other servicers, including EFS.

29.   On information and belief, even though millions of consumers have had their personal data breached due to Defendants' actions and inactions, the Defendants have not specifically provided notice to all of these consumers.

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

30. The criminals were able to access Plaintiff's and the Class' personal information because the Defendants failed to take reasonable measures to protect the Personally Identifiable Information they collected and stored. Among other things, the Defendants failed to implement data security measures designed to prevent this attack, despite repeated industry wide warnings about the risk of cyberattacks and the highly publicized occurrence of many similar attacks in the recent past.

31. As a result of Defendants' failure to properly secure Plaintiff's and the Class Members' personal identifying information, Plaintiff's and the Class Members' privacy has been invaded.

32. Moreover, all of this personal information is likely for sale to criminals on the dark web, meaning that unauthorized parties have accessed and viewed Plaintiff's and the Class Members' unencrypted, non-redacted information, including names, addresses, email addresses, phone numbers and social security numbers, and other potential PII.

33. As a direct and proximate result of Defendants' wrongful disclosure, criminals now have Plaintiff's and the Class Members' personal identifying information. Additionally, the disclosure makes Plaintiff and Class Members much more likely to respond to requests from the Defendants or law enforcement agencies for more personal information, such as bank account numbers, login information or even Social Security numbers. Because criminals know this and are capable of posing as Defendants or law enforcement agencies, consumers like Plaintiff and fellow Class

8

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

Members are more likely to unknowingly give away their sensitive personal information to other criminals.

34. Defendants' wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendants' wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

35. As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

36. Defendants' wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendants' wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

37.     As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

38.     Names and social security numbers, combined with other contact information, are very valuable to hackers and identity thieves as it allows them to access users' other accounts. Thus, even if some information was not involved in the Data breach, the unauthorized parties could use Plaintiff's and Class Members' Private Information to access other information, including, but not limited to email accounts, government services accounts, e-commerce accounts, payment card information, and financial accounts, to engage in the fraudulent activity identified by Plaintiff.

39.     As a direct and proximate result of the data breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic losses in the form of: the loss of time needed to: take appropriate measures to avoid unauthorized and fraudulent charges; change their usernames and passwords on their accounts; investigate, correct and resolve unauthorized debits, charges, and fees charged against their accounts; and deal with spam messages and e-mails received as a result of the data breach. Plaintiffs and Class Members have likewise suffered and will continue to suffer an invasion of their property interest in their own Private Information such that they are entitled to damages for unauthorized access to and misuse of their Private Information from Defendant. Plaintiffs and Class Members

10

presently and will continue to suffer from damages associated with the unauthorized use and misuse of their Private Information as thieves will continue to use the stolen information to obtain money and credit in their name for several years.

40. The Defendants were at all times fully aware of their obligations to protect the Private Information of Plaintiff and Class Members. While Plaintiff and Class Members did not specifically choose either Defendant to service their loans, they would have taken additional precautions if they knew the Defendants would fail to maintain adequate data security. The Defendants were also aware of the significant repercussions that would result from their failure to do so.

41. Accordingly, Plaintiff on behalf of himself and the Class, brings this action against Defendants' seeking redress for their unlawful conduct.

## CLASS ALLEGATIONS

42. Plaintiff brings these claims on behalf of the following classes:

> **National Class**: All individuals whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.

> **Illinois Sub-Class**: All individuals in Illinois whose PII was exposed while in the possession of Defendants, or any of their subsidiaries and/or agents, during the Data Breach.

43. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

44. The proposed classes meet all requirements under 735 ILCS 5/2-801.

45. The putative Classes are comprised of thousands of persons, making joinder impracticable. The joinder of the Class Members is impractical and the

11

disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Classes can be identified through the Defendants' records or the Defendants' agents' records.

46.     The rights of each Class Member were violated in an identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

47.     **Numerosity:** Upon information and belief, the Classes are so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Classes are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendant. However, it is reasonable to infer that more than 40 individuals in each class were impacted by the data breach at issue. Members of the Classes can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48.     **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Classes, including, without limitation:

a. Whether Defendants negligently failed to maintain and execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' personal identifying information;

b. Whether Defendants were negligent in storing and failing to adequately safeguard Plaintiff's and Class Members' personal identifying information;

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

c. Whether Defendants owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their personal identifying information;

d. Whether Defendants breached their duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

e. Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendants invaded Plaintiff's and Class Members' privacy;

f. Whether Plaintiff and Class Members sustained damages as a result of the Defendants' failure to secure and protect their personal identifying information.

49. **Adequacy of Representation:** Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent and he intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in consumer class actions and complex litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the class members.

50. **Appropriateness:** A class action in this case would be appropriate and superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against the Defendants, so it would be impracticable for members of the Classes to individually seek redress for the Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

51. The Defendants have acted or failed to act on grounds that apply generally to the class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

### COUNT I - VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *ET SEQ.*

### (ON BEHALF OF PLAINTIFF AND THE ILLINOIS SUBCLASS)

52. Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

53. Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are

14

hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

54.     Defendants violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

55.     Specifically, it was an unfair act and practice to represent to Plaintiff and the Illinois Subclass members that it implemented commercially reasonable measures to protect their PII, Defendants nonetheless failed to fulfill such representations, including by failing to timely detect the Data Breach.

56.     Despite representing to Plaintiff and the Illinois Subclass members that it would implement commercially reasonable measures to protect their PII, Defendants nonetheless failed to fulfill such representations.

57.     Plaintiff and the Illinois Subclass members have suffered injury in fact and actual damages, as alleged herein, as a result of the Defendants' unlawful conduct and violations of the ICFA and analogous state statutes.

58.     The Defendants' conduct offends public policy as it demonstrates a practice of unfair and deceptive business practices in failing to safeguard consumers PII.

59.     An award of punitive damages is appropriate because the Defendants' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the Defendants' illegal conduct.

## COUNT II - NEGLIGENCE

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

60.    Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

61.    Upon the Defendants accepting and storing the Private Information of Plaintiff and the Class in its computer systems and on its networks, each Defendant undertook and owed a duty to Plaintiff and the Class to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. The Defendants knew that the Private Information was private and confidential and should be protected as private and confidential.

62.    The Defendants owed a duty of care not to subject Plaintiff's and the Class' Private Information to an unreasonable risk of exposure and theft because Plaintiff and the Class were foreseeable and probable victims of any inadequate security practices.

63.    It was reasonably foreseeable that the Defendants' failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' personal identifying information would result in an unauthorized third-party gaining access to such information for no lawful purpose, and that such third parties would use Plaintiff's and Class Members' personal identifying information for malevolent and unlawful purposes, including the commission of direct theft and identity theft.

64.    The Defendants knew, or should have known, of the risks inherent in collecting, storing, and sharing Private Information amongst themselves and the importance of adequate security. The Defendants knew of should have known about numerous well-publicized data breaches within the industry.

65.    Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of the Defendants' failure to secure and protect their personal identifying information as a result of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft herein, insurance incurred in mitigation, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they suffered loss and are entitled to compensation.

66.    The Defendants' wrongful actions and/or inaction (as described above) constituted, and continue to constitute, negligence at common law.

## COUNT III - INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS AND INTRUSION UPON SECLUSION

## (ON BEHALF OF PLAINTIFF AND THE CLASS)

67.    Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

68.    Plaintiff's and Class Members' Personal Identifying Information is and always has been private information.

69.    Dissemination of Plaintiff's and Class Members' private information is not of a legitimate public concern; publication to third parties of their personal identifying information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

70.    Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of the Defendants' invasion of their privacy by publicly

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

disclosing their private facts including, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

71.     The Defendants' wrongful actions and/or inaction (as described above) constituted, and continue to constitute, an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their personal identifying information).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in his favor and against each Defendant as follows:

A. Certifying this action as a class action, with a class as defined above;

B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C. For equitable relief enjoining Defendant from engaging in the wrongful acts and omissions complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and from failing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;

D. Awarding compensatory damages to redress the harm caused to Plaintiff and Class Members in the form of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

economic harm. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court.

E. Ordering injunctive relief including, without limitation, (i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control.

F. Awarding Plaintiff and the Class Members interest, costs and attorneys' fees;

G. Compensatory damages, punitive damages and attorneys' fees and the costs of this action as allowed under the Illinois Consumer Fraud Act; and

H. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

rob.harrer@cclc-law.com

Michael Kind, Esq. (*Pro Hac Vice* Forthcoming)
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Hearing Date: 1/5/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

FILED
9/6/2022 7:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19379278

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Anthony Quinn

                                    Plaintiff

v.

Nelnet Servicing, LLC and Edfinancial Services, LLC

                                    Defendant

Case No: **2022CH08824**

Case No: _____

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ | Mandamus |
| 0001 | ☑ Class Action | | 0018 | ☐ | Ne Exeat |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ | Partition |
| 0004 | ☐ Injunction | | 0020 | ☐ | Quiet Title |
| | | | 0021 | ☐ | Quo Warranto |
| 0007 | ☐ General Chancery | | 0022 | ☐ | Redemption Rights |
| 0010 | ☐ Accounting | | 0023 | ☐ | Reformation of a Contract |
| 0011 | ☐ Arbitration | | 0024 | ☐ | Rescission of a Contract |
| 0012 | ☐ Certiorari | | 0025 | ☐ | Specific Performance |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ | Trust Construction |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ | Other (specify) _____ |

● Atty. No.: 62709      ○ Pro Se 99500

Atty Name: Bryan Thompson

Atty. for: Plaintiff

Address: 33 N. Dearbon St. Suite 400

City: Chicago           State: IL

Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

FILED
9/6/2022 7:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19379278

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Anthony Quinn, Individually and on behalf of
all others similarly situated

_____

Plaintiff(s)

v.

Edfinancial Services, LLC

_____

Defendant(s)

c/o National Registered Agents, Inc., 208 South
LaSalle Drive, Suite 814, Chicago, IL 60604

_____

Address of Defendant(s)

Case No.

### 2022CH08824

_____

Hearing Date: 1/5/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

Please serve as follows (check one):  ○ Certified Mail   ● Sheriff Service   ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://wwwillinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**          (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 62709

○ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 33 N. Dearborn St., Suite 400

City: Chicago

State: IL    Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Witness date      9/6/2022 7:32 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____

(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 2 of 3

FILED DATE: 9/6/2022 7:32 PM 2022CH08824

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED DATE: 9/6/2022 7:32 PM  2022CH08824

FILED
9/6/2022 7:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08824
Calendar, 4
19379278

FILED DATE: 9/6/2022 7:32 PM    2022CH08824

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Anthony Quinn, Individually and on behalf of
all others similarly situated

_____

Plaintiff(s)

v.

Nelnet Servicing, LLC

_____

Defendant(s)

c/o CT Corporation System, 208 South LaSalle
Drive, Suite 814, Chicago, IL 60604

_____

Address of Defendant(s)

Case No.    **2022CH08824**
_____

Hearing Date: 1/5/2023 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

Please serve as follows (check one):  ◌ Certified Mail   ● Sheriff Service   ◌ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                                    **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

<!-- FILED DATE: 9/6/2022 7:32 PM   2022CH08824 (left margin, rotated) -->

---

● Atty. No.: 62709
○ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 33 N. Dearborn St., Suite 400

City: Chicago

State: IL    Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

9/6/2022 7:32 PM IRIS Y. MARTINEZ

Witness date _____

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 9/6/2022 7:32 PM   2022CH08824

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **ANTHONY QUINN,**<br>Individually and on behalf of all others<br>similarly situated,<br>     *Plaintiff,*<br><br>    **v.**<br><br><br>**EDFINANCIAL SERVICES, LLC and**<br>**NELNET SERVICING, LLC**<br>    *Defendants.* | Case No.: 2022CH08824 |

## DECLARATION OF Al DAVIS

Al Davis, pursuant to 28 U.S.C. § 1746, here by declares as follows:

1. I have personal knowledge of the matters set forth in this Declaration and would be competent to testify thereto at trial of hearing on this matter.

2. I am Executive Director, Enterprise Risk Management Administration for Nelnet, Inc.

3. Nelnet Servicing, LLC is a limited liability company with its headquarters in Lincoln, Nebraska.

4. Nelnet Servicing, LLC is wholly owned by Nelnet Diversified Solutions, LLC, a limited liability company with its headquarters also in Lincoln, Nebraska.

5. Nelnet Diversified Solutions, LLC is a wholly owned subsidiary of Nelnet, Inc. which is a Corporation incorporated in Nebraska and with its principal place of business in Lincoln, Nebraska.

6. Based upon the review of the Complaint in this matter, the injunctive relief sought by Plaintiffs in the form of enhanced security protocols and periodic compliance audits will, alone, exceed more than $75,000 when considering all associated costs.



EXHIBIT

C

I declare under penalty of perjury that the foregoing is true and accurate.

Executed: October 3, 2022

*Al M. Davis*
_____
Al Davis

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANTHONY QUINN, individually and on )
behalf of all others similarly situated, )
                       )
        Plaintiff, )     Case No. _____
                       )
        v. )
                       )
EDFINANCIAL SERVICES, LLC and )
NELNET SERVICING, LLC, )
                       )
        Defendants. )

## DECLARATION OF CONSENT TO NOTICE OF REMOVAL

Defendant, EdFinancial Services, LLC ("EdFinancial"), by and through its undersigned

counsel Casie D. Colligton, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.     I have personal knowledge of the matters set forth in this Declaration and would be

competent to testify thereto at trial or hearing in this matter.

2.     I am legal counsel for Defendant, EdFinanancial Services, LLC ("EdFinancial") in

the above-captioned matter, and I have full authority to act on its behalf in this litigation.

3.     EdFinancial hereby consents to the removal to federal court of the above-captioned

matter pursuant to 28 U.S.C. § 1446(b)(2)(a), which requires that "all defendants who have been

properly joined and served must join in or consent to the removal of the action."

4.     EdFinancial also states that it is comprised of fifteen (15) members, all of whom

are individual persons who are citizens of Tennessee, Pennsylvania, and Louisiana.  Because

EdFinancial is a citizen of all of the states of its constituent members, it is also a citizen of

Tennessee, Pennsylvania, and Louisiana for purposes of removal.



EXHIBIT

D

I declare under penalty of perjury that the foregoing is true and accurate.

Date: October 3, 2022

By: _____

Casie D. Collignon
**BAKER & HOSTETLER**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Tel: 303-861-0600
Fax: 303-861-7805
ccollignon@bakerlaw.com